David v. May et al., 195 Ill. App. 549.

## Sidney S. David, Defendant in Error, v. Mark May et al., Plaintiffs in Error.

## Gen. No. 20,504. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed December 21, 1915.

### Statement of the Case.

Action by Sidney S. David, plaintiff, against Mark May, Walter E. Hart and Thomas W. Thompson, defendants, in the Municipal Court of Chicago to recover for the conversion of money alleged to have been procured from plaintiff on false representations. To reverse a judgment for plaintiff for $250, defendants prosecute this writ of error.

In plaintiff's amended statement of claim it is alleged that:

"Plaintiff's claim is to recover from the defendants, jointly and severally, the sum of $250, with interest thereon from April 19, 1913, due and owing to the plaintiff by the defendants and converted by them and each of them to their own use; that defendants procured from the plaintiff the sum of $250 upon the representation and condition that they were forming a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bank to be known as the Public Trust & Savings Bank, and that said defendants have failed to and have not organized said bank and have abandoned said project; that plaintiff has demanded from the defendants the return of said $250 * * * and that they and each of them have failed, neglected and refuse to return said money; that defendants fraudulently and falsely represented to plaintiff that the organization of said bank would be completed not later than July 1, 1913, and would issue stock therein to the plaintiff, which they have failed, neglected and refuse to do."

The defendant May was defaulted for failure to file an affidavit of merits. The other defendants, Hart and Thompson, filed separate affidavits of merits denying the allegations of plaintiff's statement of claim and denying joint liability.

Upon the trial plaintiff testified that on April 19, 1913, he received a call from the defendant Mark May; that May stated that he, in connection with Hart and Thompson, was organizing a bank to be called the Public Trust & Savings Bank and to be located in the Hearst Building, Chicago; that it was to be organized and ready for business by July 1, 1913, and that he desired plaintiff to buy certain shares of stock in the bank; that he (plaintiff) thereupon purchased twenty shares of said stock and signed and delivered to May his check for $250, the same being a ten per cent. payment on said shares, and that he at the same time received from May a written receipt. The check and receipt were admitted in evidence. The check, dated April 19, 1913, was drawn on the Northwest State Bank and made payable to the "Public Trust & Savings Bank," was indorsed "Public Trust & Savings Bank Organization, Mark May, Thomas W. Thompson, W. E. Hart," and also "Lincoln State Bank," and was paid by said Northwest State Bank and returned, canceled, to plaintiff. It does not appear from the evidence that the indorsements thereon of the defendants, Thompson and Hart, were in their handwriting. The

said receipt was also dated April 19, 1913, was signed by the defendant May "Mark May, W. E. Hart, Thomas W. Thompson, Commissioners, by Mark May," and was as follows: "Received of Sidney S. David $250, being partial payment for 20 shares of the capital stock of Public Trust & Savings Bank. Certificate of stock will be issued to the legal holder hereof when the Capital is fully paid in, upon surrender of this interim receipt to the Commissioners named hereon." Plaintiff further testified that he never received any shares of stock in the Public Trust & Savings Bank, that no shares were ever tendered to him by any one and that the money, so paid out, was never returned to him; that about July 18, 1913, he telephoned the defendant May inquiring why the bank had not been organized and why he had not received the shares of stock for which he had subscribed, that May answered that he had had trouble in raising the necessary capital and had been delayed, and that plaintiff replied that if the organization was not completed by August 1, 1913, his money must be returned to him; that he (plaintiff) never had any conversation or business transactions with either Thompson or Hart, and that no representations of any kind were ever made to him by either Thompson or Hart. R. J. Roepke, chief clerk of the Lincoln State Bank and a witness for plaintiff, testified that said bank had an account with the "Public Trust & Savings Bank, Mark May, Walter E. Hart and Thomas W. Thompson"; that he (Roepke) knew Mark May only; that moneys had been deposited by said May to the credit of said account; that the account was still open; that certain moneys had been withdrawn from said account by means of checks signed by the defendants, as commissioners, and that there was in said account the sum of $62.50 to the credit of said defendants. Two checks were identified by the witness as having been drawn on said account and paid, and were admitted

in evidence. One check was for $625, dated June 27, 1913, and the other check was for $25, dated July 3, 1913. They were signed "Public Trust & Savings Bank, Commissioners, Mark May, Walter E. Hart, Thomas W. Thompson."

The defendant May did not testify. The defendants Hart and Thompson testified that they, together with the defendant May, acted as commissioners in the organization of the Public Trust & Savings Bank, which organization had not yet been completed; that no stock had been issued to any one; that they (Hart and Thompson) joined with May at his request in signing the checks above mentioned and other checks, but that they could not tell definitely for what specific purposes certain of the funds so deposited in said Lincoln State Bank had been disbursed, as they depended largely on May to attend to the disbursements; and that they never received or used for their own benefit any of the moneys so deposited or collected on plaintiff's subscription to said stock.

The defendants Hart and Thompson sought to introduce in evidence a document signed by the plaintiff at the time he delivered to May his check for $250, but the court refused to admit the same in evidence and an exception was taken. The document is as follows:

"IN THE ORGANIZATION OF THE PUBLIC TRUST & SAVINGS BANK OF CHICAGO.

"I desire to become a stockholder in the PUBLIC TRUST AND SAVINGS BANK OF CHICAGO to be organized under an Act of the State of Illinois 'concerning Corporations with Banking powers' with a capital stock of Three Hundred Thousand Dollars ($300,000) and a surplus fund of Sixty Thousand Dollars ($60,000).

"I hereby subscribe for Twenty (20) shares of the Capital Stock of the said Public Trust and Savings Bank of Chicago, at One Hundred and Twenty-five Dollars each and agree to pay for same as follows:

David v. May et al., 195 Ill. App. 549.

(10%) to accompany this subscription and the balance on or before demand is made by the Directors to be elected by the subscribers.

"*It is understood and agreed that the sum of ($5.00) a share of the above number of shares herein subscribed for is to be used to defray organization fees and expenses.*

"Chicago, April 19, 1913.

"(Signed) Sidney A. David."

The defendants Hart and Thompson also sought to introduce in evidence an agreement made by the defendant May for a lease of certain premises, to be used by the bank when finally organized, and to show the expenditure of certain moneys in order to secure said lease, but the court would not allow said agreement to be introduced or said expenditures to be shown, and defendants excepted. The court also declined to permit defendants to show for what purpose the checks for $625 and $25, previously referred to, were drawn, and defendants excepted.

Pringle, Reid & Terwilliger, for plaintiffs in error.

William Friedman and William F. Ader, for defendant in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. Trover and conversion, § 38*—*when agreement subscribing for stock erroneously excluded as evidence.* In an action to recover for conversion of money alleged to have been procured from plaintiff by false representations, where it appeared that the money alleged to have been converted was a part payment on a subscription for stock in a bank which was never organized, evidence of the written agreement wherein plaintiff subscribed for such stock, *held* erroneously excluded, it appearing that such agreement contained a clause authorizing defendants to use for organization purposes a proportion of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the amount alleged to have been converted, such agreement being competent as tending to show, in connection with other evidence, that defendants were·not liable to plaintiff in any form of action for the full amount of such part payment.

2. TROVER AND CONVERSION, § 38*—*when evidence as to disbursement of money erroneously excluded.* In an action to recover for conversion of money alleged to have been procured from plaintiff by false representations, where it appeared that the money alleged to have been converted was a part payment on a subscription for stock in a bank which was never organized, and where the subscription agreement contained a provision that a proportion of such amount might be used for organization purposes, evidence that money had been disbursed for organization purposes by defendants *held* erroneously excluded.

3. ASSUMPSIT, § 50*—*when action for money had and received lies upon failure of consideration.* A person who pays money for shares in a company which never comes into existence pays it on a consideration which fails, and may recover such amount in an'action of money had and received unless it be shown that he has consented to or acquiesced in the application made of such money by those into whose hands it comes.